**WOOD et al. v. DAVIS et al.**

Court of Appeals of Kentucky.

Sept. 25, 1951.

B. B. Snyder, Williamsburg, for appellants.

Leonard Stephens, Whitley City, for appellees.

CLAY, Commissioner.

Appellees, the widow and children of Walter Davis, brought this action to quiet their title to a 22 acre tract of land in McCreary County. The Chancellor entered judgment as prayed.

Appellants attack the judgment on many different grounds, citing a great number of decided cases on various points. The principal contentions are: (1) the pleadings do not support the judgment; (2) specific performance of an oral agreement cannot be granted; and (3) the proof does not authorize the judgment.

(1) The widow pleaded that on an indefinite date she and her husband entered into an agreement for the exchange of lands with appellants; that appellants promised to convey to her and her husband the tract of land described in the petition; and that she thereafter took possession of said land and adversely possessed it more than 15 years prior to the commencement of the action. By answer appellants admit that in 1934 they entered into an agreement for the exchange of lands as alleged, but they state that the description of the land to be conveyed by them was different from that set out by appellees. It is obvious these pleadings formed a very clear issue concerning what the 1934 agreement was, and this question was controlling in the case. The finding of the Chancellor that the agreement was as claimed by appellees is certainly supported by the pleadings.

(2) The testimony of both parties established that the agreement of 1934 had been in writing, but had been lost. Therefore, even if this suit could be considered in the nature of an action for specific performance, the Court was not enforcing an oral, but a written agreement.

The real dispute is whether or not appellants agreed to convey a 22 acre tract of land lying south of a county road, as claimed by appellees, or a 6 acre tract (being part of the 22 acres), as claimed by appellants. As a matter of fact, in 1945 appellants tendered to the widow a deed which purported to convey (as of March 26, 1934) a tract "containing twenty acres more or less," but whose description encompassed approximately 6 acres. This deed was not accepted.

There was substantial evidence for appellees that in the 1934 agreement appellants promised to convey all their land lying south of the county road, which was the 22 acre tract; and subsequent acts of the parties were consistent with such terms of the agreement. On the other hand, appellants' proof was to the effect that the contract only covered the smaller tract, and the parties later so construed it. They insist the prospective grantees agreed upon the smaller boundary, and that the widow's husband acknowledged it in a fencing con-

tract executed in 1945. The widow denies this, and the fencing contract on its face sheds no light on the question. On this conflicting testimony the Chancellor found for appellees, and we believe the evidence preponderates in their favor.

Appellants contend that adverse possession was not properly pleaded or proven in the case. It does not appear the Chancellor rendered his judgment on this ground, and such adverse possession as appeared in the proof simply constituted evidence as to the interpretation of the contract by the parties.

As before mentioned, the significant issue was what the parties had agreed upon in 1934, and since there was substantial evidence in support of the Chancellor's finding, we should not disturb it even if we had doubt as to its correctness, which we do not have. See Goodin v. Tuggle, 308 Ky. 537, 215 S.W.2d 124.

The judgment is affirmed.